UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                           |
ROBERT EDWARD TERRELL, JR.,                |    Case No. 4:05-cv-108
                                           |
    Petitioner,                            |    HONORABLE PAUL L. MALONEY
                                           |
    v.                                     |    Magistrate Judge Ellen S. Carmody
                                           |
MARY BERGHUIS,                             |
                                           |
    Respondent.                            |
_____|

**OPINION and ORDER**

**Overruling the Plaintiff's Objections and Adopting the R&R;
Dismissing the Habeas Corpus Petition for Lack of Merit;
Declining to Issue a Certificate of Appealability;
Terminating and Closing the Case**

    This case arises out of Terrell's December 1994 armed robbery of a video-rental store in Kalamazoo, Michigan, during which he fatally shot two employees. A jury convicted Terrell of two counts of first-degree murder, two counts of armed robbery, four counts of possession of a firearm during the commission of a felony, and one count of being a felon in possession of a firearm, all in violation of Michigan law, and he was sentenced to life imprisonment without the possibility of parole.

    Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on December 29, 2008. Plaintiff filed timely objections on January

12, 2009.[1][2]  The court also finds that plaintiff's objection is sufficiently specific and articulated to trigger *de novo* review of the portions of the R&R to which he has objected.[3]

**The court finds the R&R to be well-reasoned and is unconvinced by the plaintiff's objection.**  For the reasons explained by the R&R, Terrell has not met his burden of showing that he is entitled to habeas corpus relief under AEDPA.  Namely, (1) Terrell has not shown that the Michigan courts committed clear error in finding that juror Donald Molby, Jr., did not lie when he stated that he did not know the defendant or the defendant's family, and (2) Terrell has not shown that the Michigan courts acted contrary to, or unreasonably applied, clearly-established federal law, in denying his motion for a mistrial and his motion for relief from judgment due to that juror's alleged lie and bias.

---

[1] After being served with an R&R, parties have ten days to file objections. *Heggie v. MDOC*, 2009 WL 36612, *1 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (citing 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72 and W.D. MICH. LCIVR 72.3(b)).  The ten days did not start until the day after the parties were served – December 30, 2008 – and weekends and the New Year's Day holiday were excluded. *Heggie*, 2009 WL 36612 at *1 (citing FED. R. CIV. P. 6(a)(1) (when calculating a time period, the period does not begin until the day after the event that triggers the right or obligation) and FED. R. CIV. P. 6(a)(2) (when calculating a time period shorter than eleven days, the court must exclude weekends and holidays)).

[2] The respondent had fourteen days to file a response. *Horacek v. Caruso*, 2008 WL 4820483, *1 n.1 (W.D. Mich. Oct. 30, 2008) (Maloney, C.J.) (citing W.D. MICH. LCIVR 72.3(b)).  The fourteen days began on the day after they were served with the objections – presumably on about January 12, 2009 – and the court included both weekends and holidays. *Horacek*, 2008 WL 4820483 at *1 n.1 (citing FED. R. CIV. P. 6(a)(1) and (2).  By any reckoning, the fourteen days have elapsed, and the respondent did not file a response or seek an extension of time in which to do so.

[3] "'Only those objections that are specific are entitled to a *de novo* review under the statute.'" *Westbrook v. O'Brien*, 2007 WL 3462337, *1 (W.D. Mich. Nov. 15, 2007) (Maloney, J.) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (no *de novo* review where the objections are frivolous, conclusory or too general because the burden is on the parties to "pinpoint those portions of the Magistrate's report that the district court must specifically consider")).

Terrell contends that he was denied his Sixth Amendment right to a fair trial when juror Donald Molby, Jr. ("Molby") did not disclose during *voir dire* that he knew and had an unpleasant history with Terrell's father, because if Molby had disclosed that fact, his counsel would have exercised a peremptory strike against Molby or asked the court to remove him for cause (his trial counsel, Curtis Bell, submitted an affidavit to that effect).  The following facts were undisputed in the state courts and are undisputed here:  (1) juror Molby worked at Borroughs Manufacturing Company ("Borroughs") from 1978 through 1998 (when he died), (2) Terrell's father worked at Borroughs from 1967 through 1987, (3) during at least some of the overlapping period, Molby and Terrell's father had at least minimal or occasional personal contact in the course of their work for Borroughs, on the plant grounds, if not in the plant itself.

In support of his motion for relief from judgment in state court, Terrell submitted a May 2002 affidavit wherein his father states that one day during a lunch break, juror Molby pulled his car in front of Terrell's father's automobile, almost hitting him, and gave the vulgar gesture known as "the finger" to Terrell's father.  Terrell's father alleges that he forgot about the incident and did not recognize juror Molby at *voir dire* and trial because Molby's appearance had changed since then. Terrell's father also alleged that he had not really known juror Molby at Borroughs, because their jobs were in different departments at opposite ends of the plant.

Terrell also submits a May 2002 affidavit from Stanley Kilbourne, whose relationship to the defendant, the defendant's father, and the juror are not specified.  Kilbourne's affidavit alleges that at unspecified times, juror Molby told him about the parking-lot incident, and also told him after the trial that (1) he had enjoyed getting revenge on Terrell's father by watching how his son's trial hurt him, (2) Terrell was going to be found guilty without regard to the evidence, (3) he found it "funny"

that Terrell's father hadn't recognized him in the courthouse.

After reviewing the *voir dire* transcript, the state trial court denied Terrell's motion for relief from judgment, noting, *inter alia*, that both Terrell's father's statements and Kilbourne's statements were made after juror Molby died and so cannot be refuted by Molby. The Magistrate correctly reasoned that it was not clear error for the trial court to find that by waiting so long before introducing the affidavits claiming personal animus by Molby against Terrell's father – significantly, by waiting until Molby was no longer alive to contradict the affidavits – Terrell undermined the credibility and reliability of those affidavits. *See generally Harris v. Lindamond*, 2007 WL 1047631, *22 (M.D. Tenn. Mar. 30, 2008) (denying habeas petition and noting, "[T]he court may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence.") (citing *Schlup v. Delo*, 513 U.S. 298, 331-32 (1995) (footnote omitted)); *see, e.g., Gross v. Jackson*, 2008 WL 2001754, *23 (S.D. Ohio May 6, 2008) ("The affidavits of both Galliger and Wade [alleging that Max and Courtney Ford lied at trial when they testified against defendant because they wanted to secure reward money] lack credibility because the affiants waited so long to come forward."), *R&R adopted*, 2008 WL 4702181 (Oct. 22, 2008), *mot. to amend den.*, 2008 WL 4889626 (Nov. 10, 2008), *COA den.*, 2008 WL 5190017 (S.D. Ohio Dec. Dec. 9, 2008).

Nor would it be clear error for the trial court to find that the affidavits were less probative and less credible because they failed to specify key facts, such as the nature of affiant Kilbourne's relationship with Terrell, Terrell's father, and juror Molby; when, where and how Kilbourne approached the Terrell family, or vice versa, regarding juror Molby's alleged statements; when Terrell's father had the parking-lot incident with juror Molby; *see* R&R at 24, as well as when and how Terrell's father realized that juror Molby was the man with whom he allegedly had the

4

unpleasant encounter at work years earlier.

As the Magistrate notes, R&R at 28 (citing, *inter alia*, *Dennis v. Mitchell*, 354 F.3d 511, 518, 520 (6th Cir. 2003)), the question of a juror's bias in a state criminal trial is a question of fact, and AEDPA provides that a state court's finding on this issue is presumed to be correct. *See also Woodall v. Simpson*, 2008 WL 5666261, *7 (W.D. Ky. Jan. 30, 2008) (King, M.J.) ("[U]pon habeas review, determinations as to individual juror bias . . . are factual questions entitled to the presumption of correctness codified at 28 U.S.C. § 2254(e)(1) . . . .") (citing, *inter alia*, *Wainwright v. Witt*, 469 U.S. 412 (1985)), *R&R adopted in part & rejected in part o.g.*, 2009 WL 464939 (W.D. Ky. Feb. 24, 2009) (Russell, C.J.).

A federal habeas court may not disturb such a factual finding unless the petitioner shows that it was objectively unreasonable in light of the evidence presented in the state trial court, R&R at 28 (citing *Dennis*, 354 F.3d at 518), and the petitioner must present clear and convincing evidence to that effect. *Cornwell v. Bradshaw*, – F.3d –, –, 2009 WL 605232, *3 (6th Cir. Mar. 11, 2009) (Gibbons, J., joined by Rogers, J., with Moore, J., dissenting o.g.) (citing 28 U.S.C. § 2254(e)(1)). As our Circuit has explained,

> Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

*Chicago Title Ins. Corp. v. Magnuson*, 487 F.3d 985, 991 (6th Cir. 2007) (citations to Ohio state-court decisions omitted, internal quotation marks omitted), *cert. denied*, – U.S. –, 128 S.Ct. 1125 (2008). If the state court's factual finding was supported by evidence, federal courts sitting in habeas must defer to it. *See Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007) (on collateral review, "'[t]he

5

[federal] appeals court gives complete deference to the . . . state court's findings of fact supported by the evidence.'") (quoting *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004)), *cert. denied*, – U.S. –, 128 S.Ct. 919 (2008); *see also James v. Brigano*, 470 F.3d 636, 643 (6th Cir. 2006) (same) (citing *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994)), *reh'g & reh'g en banc denied* (6th Cir. May 15, 2007).

The Magistrate correctly suggests that Terrell has not presented clear and convincing evidence to rebut the statutory presumption that the state court's finding of no-juror-bias was correct. This is particularly true given that the finding was necessarily based in part on credibility assessments, to which a reviewing court accords "great deference", *US v. Davenport*, 220 F. App'x 374, 379 (6th Cir. 2007) (Gilman, Griffin, D.J. Gwin) (quoting *US v. Dillard*, 438 F.3d 675, 681 (6th Cir. 2006)).

Those credibility assessments, in turn, were informed by the trial judge's direct observation of juror Molby, defendant Terrell, and perhaps Terrell's father. Unlike this court, the trial judge was able to assess the credibility of Molby and Terrell by considering subjective factors which do not show up in transcripts, i.e., their facial expressions, gestures, tone of voice, eye contact or lack thereof, posture, and other "body language." *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("[F]ace to face with living witnesses the original trier of the facts holds a position of advantage from which appellate judges are excluded. In doubtful cases the exercise of his power of observation often proves the most accurate method of ascertaining the truth . . . . How can we say the judge is wrong? We never saw the witnesses."); *Davenport*, 220 F. App'x at 379 ("'[O]nly the trial judge can be aware of variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.'") (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575

(1985)).

The state trial judge was able to observe these aspects of Molby's behavior during *voir dire*, and again during its consideration of Terrell's mistrial motion (when Molby told the judge *in camera* that Terrell's father seemed to be glaring at him in an intimidating way). *Cf., e.g., Bugh v. Mitchell*, 329 F.3d 496, 508 (6th Cir. 2003) (in father's rape trial, state court's admission of four-year-old victim's testimony regarding alleged sexual abuse was not contrary to clearly established federal law, and did not support federal habeas relief on Confrontation Clause claim; although victim indicated she could not recall circumstance of out-of-court statements, she was physically present in court and confronted defendant face-to-face, and testified under oath, and "the judge, jury, and [defendant] were able to view [victim]'s demeanor and body language as she testified.").

In essence, Terrell simply objects to the trial judge's determinations – based on personal observation and on inferences from the timing, circumstances, and incompleteness of the Terrell Senior and Kilbourne affidavits – regarding the relative credibility of juror Molby versus that of defendant Terrell, affiant Terrell Senior, and affiant Kilbourne. "The Court recognizes that there exist grounds on which to challenge of [juror Molby]'s testimony, as is the case with practically every witness." *Avery v. Preslesnik*, 524 F. Supp.2d 903, 918 (W.D. Mich. 2007) (Enslen, J.), *aff'd*, 548 F.3d 434 (6th Cir. 2008), *reh'g & reh'g en banc denied* (6th Cir. Feb. 9, 2009). "Such does not detract from the Court's conclusion, however, because the 'actual resolution of . . . the credibility of witnesses and the plausibility of competing explanations is exactly the task to be performed'" by the factfinder, *Avery*, 524 F. Supp.2d at 918 (quoting *Ramonez v. Berghuis*, 490 F.3d 482, 490 (6th Cir. 2007) (emphasis in original)), which in this case was the state trial court addressing Terrell's motions for mistrial and relief from judgment.

7

On this record, Terrell provides no means for this court to criticize, let alone overturn, the state trial court's factual finding that juror Molby told the truth and was not personally biased against Terrell during the trial. *Cf. Franklin v. Bradshaw*, 2009 WL 649581, *15 (S.D. Ohio Mar. 15, 2009) (denying habeas petition and stating, "This court has viewed the entire tape of the competency hearing, [but] the visual quality of the tape is so poor that it is impossible to ascertain the facial expressions or body language of any of the hearing participants. Consequently, . . . the videotape provides this court no means by which to critique the trial judge's determination of the witnesses' credibility at the competency hearing, nor does it allow this court to assess Franklin's behavior during the hearing, which Franklin argues is further evidence of his incompetence to stand trial.").

And once the state trial court reasonably found that Molby had told the truth and had not been biased against Terrell during the trial, there was no legal basis for granting a mistrial due to Molby's presence on the jury. Therefore, the trial court's denial of Terrell's mistrial and relief-from-judgment motions could not have been contrary to, or an unreasonable application of, clearly established federal law. *See* R&R at 32 (concluding that Terrell failed to satisfy the first prong of *McDonough Power Equip. Co., Inc. v. Greenwood*, 464 U.S. 548 (1984)'s test for habeas relief due to juror non-disclosure or dishonesty during *voir dire*); *see also Johnson v. Louma*, 425 F.3d 318, 325-26 (6th Cir. 2005) ("*McDonough* held that in order to obtain a new trial on the basis of a juror's inaccurate response, 'a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire* . . . .' With regard to *McDonough*'s first prong, the Michigan courts determined that Juror 457 honestly answered all questions posed during *voir dire*. Johnson has not demonstrated that Juror 457 deliberately lied or concealed information, and thus has not shown that state court decision was contrary to or involved an unreasonable application of clearly established federal law as

8

determined by the Supreme Court.") (quoting *McDonough*, 464 U.S. at 556), *cert. denied*, 549 U.S. 832 (2006).

**Finally, because Terrell's habeas claim clearly lacks merit, the court agrees with the Magistrate, R&R at 2, that it is unnecessary to decide whether he procedurally defaulted through lack of due diligence in pursuing his rights in the state courts.** *See Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008) ("'[F]ederal courts are not required to address a procedural-default issue before deciding against petitioner on the merits,'" especially where the procedural-default issue is complicated or unnecessary to the disposition of the petition) (quoting *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner . . . ."))), *reh'g & reh'g en banc denied* (6th Cir. Oct. 10, 2008).

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), "'the court should grant a COA for an issue raised in a § 2254 petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right.'" *Wardlaw v. Howes*, 575 F. Supp.2d 820, 821 (W.D. Mich. 2008) (Paul L. Maloney, C.J.) (quoting *Harbison v. Bell*, 503 F.3d 566, 568 (6th Cir. 2007), *cert. denied*, – U.S. –, 128 S.Ct. 1479 (U.S. Mar. 3, 2008), *cert. granted o.g.*, – U.S. –, 128 S.Ct. 2959 (U.S. 2008)). To satisfy this standard, "the petitioner must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues raised are 'adequate to deserve further review.'" *Wardlaw*, 575 F. Supp.2d at 821 (quoting *Harbison*, 503 F.3d

at 569 (citing *Banks v. Dretke*, 540 U.S. 668, 705 (2004)). *See also Butz v. Berghuis*, 2009 WL 33462, *6 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)) and *Henley v. Bell*, – F. App'x –, –, 2009 WL 233283, *1 (6th Cir.) (p.c.) (Siler, Cole, Cook) (citing *Banks*, 540 U.S. at 674), *cert. denied*, – U.S. –, – S.Ct. –, 2009 WL 248086 (2009).

The U.S. Supreme Court disapproves of blanket denials of certificates of appealability. *Colwell v. McKee*, 2009 WL 125223, *3 (W.D. Mich. Jan. 16, 2009) (Maloney, C.J.) (citing *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001))). Rather, this court "must 'engage in a reasoned assessment of each claim' to determine whether a certificate is warranted." *Oatis v. Caruso*, 2009 WL 80347, *4 (W.D. Mich. Jan. 8, 2009) (Maloney, C.J.) (citing *Murphy*, 263 F.3d at 467).

The petitioner need not show, however, that he is likely to succeed on appeal. *See Wardlaw*, 575 F. Supp.2d at 821 (citing *Miller-El*, 537 U.S. at 337); *Workman v. Bell*, 484 F.3d 837, 842 n.3 (6th Cir. 2007) (distinguishing standard for stay pending appeal, which focuses on appellant's likelihood of success on the merits, from the COA standard, which requires a lesser showing), *reh'g & reh'g en banc denied* (6th Cir. May 7, 2007). "'[I]t is consistent with § 2253 that a certificate of appealability will issue in some instances where there is no certainty of ultimate relief.'" *Wardlaw*, 575 F. Supp.2d at 821 (quoting *Walker v. Carlton*, 114 F. App'x 687, 690 (6th Cir. 2004) (quoting *Miller-El*, 537 U.S. at 337)).

Terrell does not meet the standard for a COA, because other reasonable jurists would not disagree with the determination that his fair-trial / juror-bias claim does not meet the AEDPA standard. Nor has he presented any other issues "adequate to deserve further review."

**ORDER**

10

Accordingly, having reviewed the habeas corpus petition, the respondent's answer to the petition, the petitioner's reply brief in support of the petition, the R&R, and the petitioner's timely objections to the R&R:

The petitioner's objections [document # 74] are **OVERRULED**.

The Report & Recommendation [document # 73] is **ADOPTED.**

The habeas corpus petition [document # 1] is **DISMISSED**.

This case is **TERMINATED** and **CLOSED**.

This is a final order, but the court declines to issue a certificate of appealability.[4]

**IT IS SO ORDERED this 23rd day of March 2009.[5]**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[4] This court's refusal to issue a COA is not appealable. *Torres v. Davis*, 2009 WL 613550, *4 n.5 (W.D. Mich. Mar. 9, 2009) (Maloney, C.J.) (citing, *inter alia*, *Sims v. US*, 244 F.3d 509, 509 (6th Cir. 2001) ("[W]e hold that an order denying a certificate of appealability is not appealable."), *followed by Crowley v. Renico*, 81 F. App'x 36, 37 (6th Cir. 2003) and *US v. Badru*, 2008 WL 1683113, *1 (D.C. Cir. July 27, 2004) (p.c.) (Rogers, Tatel, John Roberts)).

[5] This order does not prevent Terrell from seeking a COA from the U.S. Court of Appeals for the Sixth Circuit under FED. R. APP. P. 22. *See Williams v. Curtin*, No. 1:2009-cv-86, 2009 WL _____, * __ n.__ (W.D. Mich. Mar. 19, 2009) (Maloney, C.J.) (citing *Wilson v. US*, 287 F. App'x 490, 494 (6th Cir. 2008) ("If the district judge denies a COA, a request may then be made to a court of appeals . . . .") (citing *Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997))).