UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT EDWARD TERRELL, JR., #249642, | Case No. 4:05-cv-108 |
| Petitioner, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Ellen S. Carmody |
| MARY BERGHUIS, | |
| Respondent. | |

**OPINION and ORDER**

**Denying the Petitioner's Motion for Reconsideration**

This case arises out of Terrell's 1994 armed robbery of a video-rental store in Kalamazoo, Michigan, during which he fatally shot two employees. A jury convicted Terrell of two counts of first-degree murder, two counts of armed robbery, four counts of possession of a firearm during the commission of a felony, and one count of being a felon in possession of a firearm, all in violation of Michigan law, and he was sentenced to life imprisonment with no possibility of parole. This matter was referred to a Magistrate Judge, who issued a Report and Recommendation ("R&R") in December 2008, and Terrell filed timely, specific objections in January 2009. In March 2009, this court overruled Terrell's objections, adopted the R&R, and dismissed the habeas petition. *See Terrell v. Berghuis*, 2009 WL 799082, *1 (W.D. Mich. Mar. 23, 2009) (Maloney, C.J.). Terrell filed a motion for reconsideration on April 14, the court issued an order on April 24 directing the warden to respond, and the warden filed an opposition brief on May 19, 2009. For the reasons that follow, the court will deny reconsideration and adhere to its March 23, 2009 opinion.

In the original opinion, this court held that Terrell did not meet his burden of showing that he is entitled to habeas relief under AEDPA. He did not show the Michigan courts committed clear error in finding that juror Donald Molby, Jr. ("Molby") did not lie when he said he did not know defendant or his family. Nor did he show that the Michigan courts acted contrary to, or unreasonably applied, clearly-established federal law, in denying his motions for mistrial and relief from judgment due to Molby's alleged lie and bias. *Terrell*, 2009 WL 799082 at *1.

Terrell contended that he was denied his Sixth Amendment right to a fair trial when juror Molby did not disclose during *voir dire* that he knew and had an unpleasant history with Terrell's father, because if Molby had disclosed that fact, his counsel would have exercised a peremptory strike against Molby or asked the court to remove him for cause (his trial counsel, Curtis Bell, submitted an affidavit to that effect). The following facts were undisputed in the state courts and are undisputed here: (1) juror Molby worked at Borroughs Manufacturing Company ("Borroughs") from 1978 through 1998 (when he died), (2) Terrell's father worked at Borroughs from 1967 through 1987, (3) during at least some of the overlapping period, Molby and Terrell's father had at least minimal or occasional personal contact in the course of their work for Borroughs, on the plant grounds if not in the plant itself. *Terrell*, 2009 WL 799082 at *1.

In support of his motion for relief from judgment in state court, Terrell submitted a May 2002 affidavit wherein his father states that one day during a lunch break, juror Molby pulled his car in front of Terrell's father's automobile, almost hitting him, and gave "the finger" to Terrell's father. Terrell's father alleges that he forgot about the incident and did not recognize juror Molby at *voir dire* and trial because Molby's appearance had changed since then. Terrell's father also alleged that he had not really known juror Molby at Borroughs, because their jobs were in different

departments at opposite ends of the plant.  *Terrell*, 2009 WL 799082 at *1.

Terrell also submitted a May 2002 affidavit from Stanley Kilbourne, whose relationship to defendant, defendant's father, and the juror are not specified.  Kilbourne's affidavit alleges that at unspecified times, juror Molby told him about the parking-lot incident, and also told him after the trial that (1) he had enjoyed getting revenge on Terrell's father by watching his son's trial hurt him, (2) Terrell was going to be found guilty without regard to the evidence, (3) he found it "funny" that Terrell's father hadn't recognized him in the courthouse.  *Terrell*, 2009 WL 799082 at *2.

After reviewing the *voir dire* transcript, the state trial court denied Terrell's motion for relief from judgment, noting, *inter alia*, that both Terrell's father's statements and Kilbourne's statements were made after juror Molby died and so cannot be refuted by Molby.  The Magistrate correctly reasoned that it was not clear error for the trial court to find that by waiting so long before introducing the affidavits claiming personal animus by Molby against Terrell's father – significantly, by waiting until Molby was no longer alive to contradict the affidavits – Terrell undermined the credibility and reliability of those affidavits.  *Terrell*, 2009 WL 799082 at *2 (citations omitted).

Nor would it be clear error for the trial court to find that the affidavits were less probative and less credible because they failed to specify key facts, such as the nature of affiant Kilbourne's relationship with Terrell, Terrell's father, and juror Molby; when, where and how Kilbourne approached the Terrell family, or vice versa, regarding juror Molby's alleged statements; when Terrell's father had the parking-lot incident with juror Molby, *see* R&R at 24; as well as when and how Terrell's father realized that juror Molby was the man with whom he allegedly had the unpleasant encounter at work years earlier.  *Terrell*, 2009 WL 799082 at *2.

As the Magistrate noted, R&R at 28, the question of a juror's bias in a state criminal trial is

3

a question of fact, and AEDPA provides that a state court's finding on this issue is presumed to be correct. *Terrell*, 2009 WL 799082 at *2 (citing *Woodall v. Simpson*, 2008 WL 5666261, *7 (W.D. Ky. Jan. 30, 2008) ("[U]pon habeas review, determinations as to individual juror bias . . . are factual questions entitled to the presumption of correctness codified at 28 U.S.C. § 2254(e)(1) . . . .") (citing, *inter alia*, *Wainwright v. Witt*, 469 U.S. 412 (1985)), *R&R adopted in part & rejected in part o.g.*, 2009 WL 464939 (W.D. Ky. Feb. 24, 2009)).

A federal habeas court may not disturb such a factual finding unless the petitioner shows that it was objectively unreasonable in light of the evidence presented in the state trial court, and the petitioner must present clear and convincing evidence to that effect. *Terrell*, 2009 WL 799082 at *3 (citing *Cornwell v. Bradshaw*, 559 F.3d 398, 405 (6th Cir. 2009) (Gibbons, J., joined by Rogers, J., with Moore, J., dissenting o.g.) (citing 28 U.S.C. § 2254(e)(1)). If the state court's factual finding was supported by evidence, federal courts sitting in habeas must defer to it. *Terrell*, 2009 WL 799082 at *3 (citing *Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007)).

The Magistrate correctly suggested that Terrell did not present clear and convincing evidence to rebut the statutory presumption that the state court's finding of no-juror-bias was correct. This is particularly true given that the finding was necessarily based in part on credibility assessments, to which a reviewing court accords "great deference", *Terrell*, 2009 WL 799082 at *3 (citing, *inter alia*, *US v. Dillard*, 438 F.3d 675, 681 (6th Cir. 2006)).

Those credibility assessments, in turn, were informed by the trial judge's direct observation of juror Molby, defendant Terrell, and perhaps Terrell's father. Unlike this court, the trial judge was able to assess the credibility of Molby and Terrell by considering subjective factors which do not show up in transcripts, i.e., their facial expressions, gestures, tone of voice, eye contact or lack

4

thereof, posture, and other "body language." *Terrell*, 2009 WL 799082 at *3 (citations omitted).

The state trial judge was able to observe these aspects of Molby's behavior during *voir dire*, and again during its consideration of Terrell's mistrial motion (when Molby told the judge *in camera* that Terrell's father seemed to be glaring at him in an intimidating way). *Terrell*, 2009 WL 799082 at *4 (citing *Bugh v. Mitchell*, 329 F.3d 496, 508 (6th Cir. 2003) (in rape trial, state court's admission of 4-year-old victim's testimony regarding alleged abuse was not contrary to clearly established federal law, and did not support federal habeas relief on Confrontation Clause claim; although victim indicated she could not recall circumstance of out-of-court statements, she was physically present in court, confronted defendant face-to-face, and testified under oath, and "the judge, jury, and [defendant] were able to view [the victim]'s demeanor and body language as she testified.").

In essence, Terrell simply objected to the trial judge's determinations – based on personal observation and on inferences from the timing, circumstances, and incompleteness of the Terrell Senior and Kilbourne affidavits – regarding the relative credibility of juror Molby versus that of defendant Terrell, affiant Terrell Senior, and affiant Kilbourne. "'The Court recognizes that there exist grounds on which to challenge of [juror Molby]'s testimony, as is the case with practically every witness.'" *Terrell*, 2009 WL 799082 at *4 (quoting *Avery v. Preslesnik*, 524 F. Supp.2d 903, 918 (W.D. Mich. 2007) (Enslen, J.), *aff'd*, 548 F.3d 434 (6th Cir. 2008), *reh'g & reh'g en banc denied* (6th Cir. Feb. 9, 2009)). "Such does not detract from the Court's conclusion, however, because the 'actual resolution of . . . the credibility of witnesses and the plausibility of competing explanations is exactly the task to be performed'" by the factfinder, *Terrell*, 2009 WL 799082 at *4 (quoting *Ramonez v. Berghuis*, 490 F.3d 482, 490 (6th Cir. 2007) (emphasis in original)), which in

5

this case was the state trial court addressing Terrell's motions for mistrial and relief from judgment.

On this record, Terrell provided no means for this court to criticize, let alone overturn, the state trial court's factual finding that juror Molby told the truth and was not personally biased against Terrell during the trial. *Terrell*, 2009 WL 799082 at *4.

Once the state trial court reasonably found Molby had told the truth and had not been biased against Terrell during the trial, there was no legal basis for granting a mistrial due to Molby's presence on the jury. Therefore, the denial of Terrell's mistrial and relief-from-judgment motions could not have been contrary to, or an unreasonable application of, clearly established federal law. *Terrell*, 2009 WL 799082 at *4 (citing R&R at 32 (concluding that Terrell failed to satisfy the first prong of *McDonough Power Equip. Co., Inc. v. Greenwood*, 464 U.S. 548 (1984)'s test for habeas relief due to juror non-disclosure or dishonesty during *voir dire*)) and *Johnson v. Louma*, 425 F.3d 318, 325-26 (6th Cir. 2005) ("*McDonough* held that in order to obtain a new trial on the basis of a juror's inaccurate response, 'a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire* . . . .' With regard to *McDonough*'s first prong, the Michigan courts determined that Juror 457 honestly answered all questions posed during *voir dire*. Johnson has not demonstrated that Juror 457 deliberately lied or concealed information, and thus has not shown that state court decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court.") (quoting *McDonough*, 464 U.S. at 556)).

**Finally, because Terrell's habeas claim clearly lacked merit, it was unnecessary to decide whether he procedurally defaulted through lack of due diligence in pursuing his rights in the state courts.** *Terrell*, 2009 WL 799082 at *5 (citing *Mahdi v. Bagley*, 522 F.3d 631, 635 (6th

6

Cir. 2008) ("'[F]ederal courts are not required to address a procedural-default issue before deciding against petitioner on the merits'") (citations omitted)).

### Terrell's First Ground for Reconsideration[1]

Terrell frames the first ground for reconsideration as follows: "Does the Federal Rule of Civil Procedure, Const. Law Key 671 apply to the affidavits submitted by Petitioner?" Terrell states, in pertinent part,

> "Allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers."
>
> The Petitioner's habeas corpus included affidavits from Mr. Stanley Kilbourn and Mr. Robert Terrell, Sr. These documents were not drafted by lawyers. The affiants are lay persons – normal tax paying citizens – who are providing sworn statements that support Petitioner's claim of juror bias.
>
> \* \* \*
>
> "Pro se applications for federal habeas corpus relief are to be liberally construed." *Johnson v. Johnson*, 375 F Supp 872 (W.D. Mich 1974), citing *Haines* [*v. Kerner*, 92 S. Ct. 594 (1972)].
>
> \* \* \*
>
> The affidavits submitted by this *pro se* Petitioner, provided detailed information as to bias on behalf of juror Molby. This Petitioner has no legal training, nor familiarity with the applicable legal principles. Petitioner did not know that the host of background information listed by the Honorable court was required in an affidavit to show juror bias. If the standard applied to this Petitioner's documents, was less stringent, the affidavits will provide enough allegations of juror bias to "entitle [Petitioner] an opportunity to offer proof." *Haines*, *supra*.

Petitioner Terrell's Motion for Reconsideration ("Pet's Recon Mot") at 1-3.

Terrell's first argument is unavailing. The court is mindful of the obligation to read a *pro*

---

[1] Terrell begins his brief by citing W.D. MICH. LCIVR 7.4(a) and E.D. MICH. LCIVR 7.1(h)(3). *See* Pet's Recon at 1. The former is a rule of this court, but the court advises Terrell that the latter is a Local Rule of the U.S. District Court for the Eastern District of Michigan, which does not apply in this court.

*se* plaintiff's complaint indulgently and liberally, *see Iswed v. Caruso*, 2009 WL 230137, *1 (W.D. Mich. Jan. 29, 2009) (Maloney, C.J.) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), but "[p]rinciples requiring generous construction of *pro se* pleadings are not without limits", *Miller v. Royal Manor Health Care, Inc.*, 2006 WL 2666427, *4 (N.D. Ohio Sept. 14, 2006) (citing, *inter alia*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (*pro se* prisoner complaint's reference to the defendant officers' "personal involvement" in the alleged constitutional violations was insufficient to read it as stating a claim against them in their personal capacities)). *See, e.g., Searcy v. Corr. Med. Servs., Inc.*, 2009 WL 910412, *7 (W.D. Mich. Mar. 31, 2009) (Maloney, C.J.) ("Reasonable jurists may disagree over the line between very liberal construction of a *pro se* pleading and serving as an advocate for a *pro se* party. Nonetheless, the plain and ordinary meaning of the words in Searcy's complaint, even liberally construed, must be characterized as stating a claim for negligence – perhaps gross negligence – but not any more culpable state of mind.").

For one thing, the cases cited by Terrell, and Sixth Circuit case law generally, speak of the need to liberally construe the allegations of the "complaint" or "pleading", not of affidavits and other *evidence* which a *pro se* party offers in support of his legal arguments or theories of recovery. *Cf. Allen v. US*, 634 F.2d 316, 317 (5th Cir. 1981) ("While we construe *pro se* applications liberally, the mere recitation of a formula, even in an affidavit, does not suffice to establish either plausibility or the right to an evidentiary hearing.").

Moreover, even if the court were required to liberally construe the affidavits submitted by Terrell regarding juror Molby's alleged bias, there is no legitimate way for the court to make the affidavits serve the purpose sought by Terrell. Terrell is not invoking his *pro se* status to excuse

8

some procedural irregularity or oversight – which itself would already be dubious, *see Wilson v. Mintzes*, 761 F.2d 275, 280 n.8 (6th Cir. 1985) (quoting *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license . . . not to comply with the relevant rules of procedural and substantive law.")). Rather, Terrell wishes to use his *pro se* status to excuse the fact that he waited so long to introduce the affidavits claiming personal animus by juror Molby against Terrell's father that Molby was no longer alive to be questioned and confirm or contradict the affiants' serious allegations.

Nor can Terrell's *pro se* status make up for the failure of the Terrell Senior and Kilbourne affidavits to specify material facts, such as the nature of affiant Kilbourne's relationship with Terrell, Terrell's father, and juror Molby; when, where and how Kilbourne approached the Terrell family, or vice versa, regarding juror Molby's alleged statements; when Terrell's father had the parking-lot incident with juror Molby; and when and how Terrell's father realized that juror Molby was the man with whom he allegedly had the unpleasant encounter at work years earlier. *See Terrell*, 2009 WL 799082 at *2. *Cf. Brettler v. Purdue Univ.*, 408 F. Supp.2d 640, 664 n.12 (N.D. Ind. 2006) ("A *pro se* litigant's pleadings will be liberally construed, but when they are devoid of an evidentiary-based response to an opposing party's summary judgment motion, the court must find in favor of summary judgment. * * * *Although he did submit an Affidavit, the statements therein are insufficient to establish a genuine issue of material fact on the dispositive issues* . . . .") (internal citation omitted).[2]

---

[2]

*Cf. also Santiago v. WYNW TV Network*, 1999 WL 179362, *2 (S.D.N.Y. Mar. 31, 1999) ("The work of *pro se* litigants should be generously and liberally construed but [the pro se's] failure to allege . . . specific facts . . . renders his attempt to oppose defendants' motion ineffectual.") (citation to S.D.N.Y. omitted).

9

In such circumstances, indulgence on account of *pro se* status cannot change the inherent infirmity in the affidavits due to their content and egregious lateness.  As to the timing of the affidavits, Terrell's *pro se* status cannot alter the rule of law that a court is entitled to "'consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence.'"  *Terrell*, 2009 WL 799082 at *2 (quoting *Harris v. Lindamond*, 2007 WL 1047631, *22 (M.D. Tenn. Mar. 30, 2008) (citing *Schlup v. Delo*, 513 U.S. 298, 331-32 (1995)) and *Gross v. Jackson*, 2008 WL 2001754, *23 (S.D. Ohio May 6, 2008) ("The affidavits . . . [alleging that the Fords testified falsely against defendant to secure reward money] lack credibility because the affiants waited so long to come forward."), *R&R adopted*, 2008 WL 4702181 (Oct. 22, 2008)).

In addition, it would be overreaching – inconsistent with the letter and spirit of AEDPA – for a federal habeas court to disturb a state court's finding regarding the credibility and reliability of affidavits, particularly on such a critical issue, by affording an exaggerated latitude to an unrepresented litigant.  This is particularly true given that the state court rested its determination regarding the affidavits on its direct observation of juror Molby, defendant Terrell, and perhaps Terrell's father.  *See Terrell*, 2009 WL 799082 at *3 (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("[F]ace to face with living witnesses the original trier of the facts holds a position of advantage from which appellate judges are excluded.  In doubtful cases the exercise of his power of observation often proves the most accurate method of ascertaining the truth . . . .  How can we say the judge is wrong?  We never saw the witnesses.") and *Davenport*, 220 F. App'x at 379 ("'[O]nly the trial judge can be aware of variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.'") (quoting *Anderson v.*

10

*Bessemer City, N.C.*, 470 U.S. 564, 575 (1985)).  Terrell's *pro se* status can have no bearing on the statutory deference which this court must accord to the state trial judge's credibility assessments or other factual findings, based as they are on his perception of the "body language", tone of voice, facial expression, and eyes of juror Molby, Terrell, and perhaps affiant Terrell Senior.

### Terrell's Second Ground for Reconsideration

Terrell frames the second ground for reconsideration as follows:  "Did Magistrate Joseph G. Scoville review the correct Respndent's Answer (docket #11) to Petitioner's Case no. 4:05-cv-108, where Magistrate's R&R created a new argument never presented by the Respondent in their answer?"  Terrell's second argument states, in its entirety:

> The Petitioner's records show Respondent's Answer (docket #11) with bold-print headings stating two Arguments as follows:
>
> I.  "Review of Petitioner's habeas claim is barred by his procedural default"
> II.  "Even if Petitioner is not procedurally defaulted, the State court did not unreasonably reject Petitioner's claim because a juror may not impeach his verdict."
> [See Answer pgs. 10, 13]
>
> Magistrate's R&R, on page 2, states the following:
>
> Respondent has filed an answer to the petition (docket #11) arguing that Petitioner's ground for habeas relief should be denied because it is procedurally defaulted and lacks merit." [See R&R Pg. 2]
>
> Then Magistrate proceeds to <u>INVENT</u> a "lacks merit" argument and attributes it to Respondent.  Respondent's <u>ACTUAL</u> argument is clear, and it in no way even resembles this new diligence claim argued by the Magistrate.  This defect is obvious and clearly misleading.  If the correct argument actually presented by Respondent in their Answer will be reviewed, it would clearly show an unreasonable determination of the facts.  Petitioner's Reply Brief was an Attachment to his Objections.  And Petitioner stated in his objection that he objects to the R&R for the reasons set forth in the Reply Brief. [See Obj pg. 1] Does this District's records reflect that Respondent's Answer (docket #11) pages 10 & 13 are identical to what this Petitioner has quoted from his docket #11 record above?

Pet's Recon Mot at 3.  This second ground for reconsideration lacks merit as well.

The warden's answer to the habeas petition contended that Terrell's claim was procedurally defaulted and that it lacked merit because, as a matter of law, a juror may not impeach his own verdict.  The Magistrate Judge elected to address the merits of Terrell's claim under a somewhat related but conceptually distinct rubric:  juror bias as governed by *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548 (1984) and its progeny.  It is well settled that a court may dispose of a case on a ground not raised in a responsive pleading or in the decision being reviewed.  *See Thigpen v. Roberts*, 468 U.S. 27, 29-30 (1984) ("Although the court below and the petition for certiorari addressed only the double jeopardy issue, we may affirm on any ground that the law and the record permit and that will not expand the relief granted below."); *Ruiz v. Hofbauer*, – F. App'x –, 2009 WL 1421108, *2 (6th Cir. May 20, 2009) ("The district court dismissed Ruiz's suit solely based on . . . state law. [T]hat ruling was contrary to this Court's interpretation of Michigan law . . . .  However, we may affirm on any ground supported by the record . . . and because we find that Ruiz's suit implies the invalidity of his assault conviction, we affirm.") (citing *Ley v. Visteon Corp.*, 543 F.3d 801, 805-06 (6th Cir. 2008) (McKeague, J.)); *Smith v. Ohio Dept' of Rehab. & Corrs.* 463 F.3d 426, 436 (6th Cir. 2006) ("[W]e affirm the dismissal of Smith's habeas petition on the basis fo the procedural default of these claims.") (citing *US v. Buckingham*, 433 F.3d 508, 514 (6th Cir. 2006) ("We may affirm on any grounds supported by the record, even though they may be different from the grounds relied on by the district court."), *reh'g & reh'g en banc denied* (6th Cir. Jan. 19, 2007)).  Conversely, Terrell identifies no case law – and the court finds none – holding that a district court

12

is generally barred from resolving a habeas petition on a ground not raised by the respondent.[3] And as the warden points out, *see* Respondent's Brief in Opposition to Motion for Reconsideration ("Berghuis Opp") at 4, Terrell had the opportunity to address this ground for decision in his objections to the R&R.

**Terrell's Third Ground for Reconsideration**

Terrell frames the third ground for reconsideration as follows: "If Petitioner objected to R&R portion – that petitioner was not entitled to an evidentiary hearing under 28 USC § 2254(e)(2) – is District Court required to provide de novo review of that specific objection as statutorily mandated under 28 USC § 636(c) and W.D. Mich. L Civ R 72.3(b)?" Terrell writes as follows:

> If R&R concluded that:
>
> "Petitioner is required to show entitlement to relief . . . on the basis of the information previously presented to the State courts, because section 2254(a)(2) prohibits him from establishing his claim with new facts in an evidentiary hearing in federal court.",
>
> and Petitioner objected to R&R's application of 2254(a)(20 to Petitioner's claim, is District required by statute to give de novo review of this specific objection? The United States Supreme court made clear in their *Townsend v. Sain*, 372 US 293 (1963) holding that a Petitioner with a "substantial allegation [of] newly discovered evidence" is entitled to a mandatory evidentiary hearing in federal court, where trial court never afforded Petitioner a full and fair hearing. (In this case, trial court never provided a hearing at all.)
>
> "When a defendant diligently seeks an evidentiary hearing in the state court in the manner prescribed, but the state court deny [sic] him that opportunity, he can avoid § 2254(a)(2)'s barriers to obtaining a hearing in federal court,["] *Williams v. Taylor*, 592 US 420, 437 (2000).

---

[3] Terrell might have an argument on this score if the Magistrate Judge had dismissed his habeas petition on a ground that constitutes *a non-jurisdictional affirmative defense*, as a respondent may waive such a defense by failing to assert it in its answer to the complaint/petition.

> "A defendant fails to develop the factual basis of a claim only when he is at fault for failing to develop the factual record in state court, as when he or his counsel has not exercised proper diligence, or greater fault, in failing to develop the record.["] *Id.* at 432; *Mass v. Hofbauer*, 286 F.3d 815, 858-59 (6th Cir. 2002).
>
> "The test for 'failed to develop' is defined as a 'lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel' in his or her attempts to discover and present a claim in the state court. *Williams*, 529; *Thompson v. Bell*, 351 F.3d 566, 594 (6th Cir. 2003).
>
> \* \* \*
>
> "If the Petitioner did not fail to develop the facts in the state court, then the district court may hold an evidentiary hearing. *Williams*, 529 US at 433; *Thompson*, 315 F.3d at 594; *Mass*[,] 286 F.3d at 859."
>
>    *McAdoo v. Elo*, 365 F.3d 487, 500 (6th Cir. 2004).
>
> This was one of the first objections made by Petitioner on page 1 of his Objections. District court made no de novo review – under 2254(d)(2)'s (AEDPA) standards – [of] the Petitioner's objection to R&R's application of 2254(e)(2). The United States Supreme Court's holdings in *Townsend*, and application of the standard in *Williams* clearly ruled otherwise. Doesn't the statute provide that Petitioner is entitled to de novo review of this specific objection?

Pet's Recon Mot at 4-5. This argument lacks merit, because this court accorded *de novo* review to the portions of the R&R to which Terrell objected, conducted its own review of the (essentially undisputed) facts, and simply agreed with the Magistrate Judge that no evidentiary hearing was necessary.

**Terrell's Fourth Ground for Reconsideration**

Terrell frames the fourth ground for reconsideration as follows: "Does Habeas Corpus Key 450.1, 767 apply to judicial review of Petitioner's habeas corpus petition?" After stating the notion that "a federal court can disagree with a state court's credibility determination and . . . conclude that the decision was unreasonable", Terrell cites *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1041 (2003) for the proposition that "deference does not imply abandonment or abdication of judicial review." Pet's

14

Recon Mot at 5.  Terrell challenges this court's decision to sustain the state trial court's assessment of the relative credibility of defendant Terrell, affiant Terrell Senior, and juror Molby.  He writes, in full:

> The only evidence considered by trial court was the voir dire transcripts, and a letter from the jury.  And at that time, no claim of juror bias had been alleged, so trial court had cause to assess juror Molby's demeanor for bias.  In making its determination, trial court did not even review, nor consider the in chambers testimony, which is the best record of juror Molby's demeanor.  The R&R note #2 on pg. 32 asserts:
>
>> "[t]he mere fact that the trial court did not summarize the transcript of the hearing on the motion for mistrial does not mean that the trial court did not consider the transcript."
>
> This is not true, in fact, the Magistrate's OWN report shows otherwise.  This R&R, from page 11 to page 20, quotes, verbatim twelve pages (7 through 19) of the trial court's decision, where trial court outlines – in detail – <u>all</u> the items it considered in it's [sic] decision (the voir dire transcript and a letter from from the [sic] jury).  The aforementioned in chambers transcript is <u>not</u> included.  It was <u>AFTER</u> trial court failed to consider this pertinent record evidence supporting Petitioner's claim ON IT'S [sic] OWN, that the Petitioner deemed it necessary to <u>INCLUDE</u> the in chambers transcripts as an exhibit to the Michigan Appeals courts.
>
> And as the in chambers transcripts reflect, Juror Molby's demeanor appeared to "seem very nervous", "seem very nervous or uncomfortable." [See R&R pg. 30].  This assessment was not even made by trial court, but by Petitioner's attorney Curtis J. Bell.  Should this District court really say that it is reasonable to determine that someone who "seem[s] very nervous or uncomfortable" is displaying credible demeanor?  Can this District defer to a determination that did not even base its decision on the best display of juror Molby's demeanor?
>
> Furthermore, trial court never provided Petitioner's affiants' [sic] an opportunity to testify on the record, and have their demeanor assessed.
>
>> "Because we find that such a hearing was necessary to make the credibility determination upon which rejection of [Petitioner's] claim depends, we conclude that he had not had a 'full and fair' opportunity to develop the facts supporting his claim, See *Townsend*, 372 US at 313, . . . and consequently, the state court decision denying him habeas relief was based on an unreasonable determination of the

15

> facts, 28 USC 2254(d)(2), *Taylor* 366 F.3d at 1001."
>
> To agree with such a determination, and then not afford the Petitioner with an opportunity to have the demeanor of his affiants' [sic] assessed, would appear to be a palpable abuse of discretion. Does 28 USC 2254(d)(2)'s "unreasonable determination" AEDPA standard apply to Petitioner's claim?

Pet's Recon Mot at 6-7. It is true that "[n]otwithstanding the presumption of correctness [which a federal habeas court must accord to state-court factual findings], the . . . standard of § 2254(d)(2) is 'demanding but not insatiable.'" *Harris v. Haberlin*, 526 F.3d 903, 910 (6th Cir. 2008) (Cole, joined by Griffin) (quoting *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (citation omitted)).

Contrary to Terrell's suggestion, however, neither the Magistrate Judge nor this judge abdicated the duty to meaningfully review the state trial court's factual finding that juror Mosby told the truth when questioned during voir dire about whether he knew the defendant or defendant's family. First, as the warden points out – Berghuis Opp at 6 n.13 – although the state trial court did not expressly identify the mistrial transcript as evidence that it reviewed in denying Terrell's motion for relief from judgment, the same judge who conducted the trial also adjudicated the motion for relief from judgment. Therefore that judge is presumed to be aware of the contents of the mistrial transcript in question.

As a federal habeas petitioner, it was Terrell's burden to present clear and convincing evidence to rebut the statutory presumption that that judge's factual findings, including explicit or implicit assessments of credibility, were correct. *Raedeke v. Trombley*, 2009 WL 751096, *5 (6th Cir. Mar. 23, 2009) (citing 28 U.S.C. § 2254(e)(1)). Even assuming *arguendo* that the state trial court did not review the mistrial transcript (or rely on his recollection of juror Molby's appearance and behavior during the mistrial proceedings), the transcript does not provide clear and convincing

16

evidence that Molby lied during *voir dire*. Terrell states that the transcript of *in camera* mistrial proceedings reflect that juror Molby "seem[ed] very nervous or uncomfortable," but Terrell himself notes that "[t]his assessment was not even made by trial court, but by Petitioner's attorney Curtis J. Bell." Terrell asks rhetorically, "Should this District court really say that it is reasonable to determine that someone who 'seem[s] very nervous or uncomfortable' is displaying credible demeanor? Can this District defer to a determination that did not even base its decision on the best display of juror Molby's demeanor?" Terrell's argument fails, because he presents neither logic nor case law to support the novel idea that a trial judge is obliged to accept *counsel's* assessment of a juror or witness's credibility. Likewise, there is no basis in the law for concluding that Molby's appearance or behavior during the instance in question was necessarily the "best" display of his demeanor.

### Terrell's Fifth Ground for Reconsideration

Terrell frames the fifth ground for reconsideration as follows: "Why did District Court apply AEDPA standards to motion for mistrial transcripts exhibit, when motion for mistrial was never Petitioner's claim in habeas corpus action?" As the warden points out, Berghuis Opp at 7, this argument misconceives the nature of this court's review. Because the state trial court's decision was the only reasoned, substantive treatment of Terrell's claim that Molby's alleged bias and mendacity deprived him of a fair and impartial jury, it is that court's decision which must be reviewed under AEDPA on this issue. This court discussed the mistrial transcripts only to provide context and supplementary information for the determination whether the state trial court's denial of the motion for relief from judgment constituted legal or factual error under AEDPA.

17

**Terrell's Sixth Ground for Reconsideration**

Terrell frames the sixth ground for reconsideration as follows: "Does the cumulative effect of these palpable defects demonstrate that the information relied upon by this District Court to render it's [sic] decision to dismiss Petitioner's habeas corpus should be reconsidered?" Pet's Recon Mot at 8. Because Terrell fails to show any defect in this court's decision overruling his objections and adopting the R&R, by definition there cannot be any "cumulative" error warranting a different outcome. *See US v. Buford*, 106 F. App'x 400 (6th Cir. 2004) (Gibbons, Cook, N.D. Ohio D.J. Oliver) ("Since we have determined that the district court did not err in its evidentiary rulings, there can be no cumulative error."); *Wogenstahl v. Mitchell*, 2007 WL 2688423, *76 (S.D. Ohio Sept. 12, 2007) ("[T]here can be no cumulative error when there is no error to cumulate.").

**CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c)(2), "'the court should grant a COA for an issue raised in a § 2254 petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right.'" *Wardlaw v. Howes*, 575 F. Supp.2d 820, 821 (W.D. Mich. 2008) (Paul L. Maloney, C.J.) (quoting *Harbison v. Bell*, 503 F.3d 566, 568 (6th Cir. 2007), *cert. denied*, – U.S. –, 128 S.Ct. 1479, *cert. granted o.g.*, – U.S. –, 128 S.Ct. 2959 (2008)). To satisfy this standard, "the petitioner must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues raised are 'adequate to deserve further review.'" *Wardlaw*, 575 F. Supp.2d at 821(quoting *Harbison*, 503 F.3d at 569 (citing *Banks v. Dretke*, 540 U.S. 668, 705 (2004)). *See also Butz v. Berghuis*, 2009 WL 33462, *6 (W.D. Mich.

Jan. 5, 2009) (Maloney, C.J.) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) and *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir.) (p.c.) (Siler, Cole, Cook) (citing *Banks*, 540 U.S. at 674), *cert. denied*, – U.S. –, 129 S.Ct. 1057 (2009)).

The U.S. Supreme Court disapproves of blanket denials of certificates of appealability. *Colwell v. McKee*, 2009 WL 125223, *3 (W.D. Mich. Jan. 16, 2009) (Maloney, C.J.) (citing *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001))). Rather, this court "must 'engage in a reasoned assessment of each claim' to determine whether a certificate is warranted." *Oatis v. Caruso*, 2009 WL 80347, *4 (W.D. Mich. Jan. 8, 2009) (Maloney, C.J.) (citing *Murphy*, 263 F.3d at 467).

The petitioner need not show, however, that he is likely to succeed on appeal. *See Wardlaw*, 575 F. Supp.2d at 821 (citing *Miller-El*, 537 U.S. at 337); *Workman v. Bell*, 484 F.3d 837, 842 n.3 (6th Cir. 2007) (distinguishing standard for stay pending appeal, which focuses on appellant's likelihood of success on the merits, from the COA standard, which requires a lesser showing), *reh'g & reh'g en banc denied* (6th Cir. May 7, 2007). "'[I]t is consistent with § 2253 that a certificate of appealability will issue in some instances where there is no certainty of ultimate relief.'" *Wardlaw*, 575 F. Supp.2d at 821 (quoting *Walker v. Carlton*, 114 F. App'x 687, 690 (6th Cir. 2004) (quoting *Miller-El*, 537 U.S. at 337)).

Terrell still does not meet the standard for a COA, because other reasonable jurists would not disagree with the determination that his fair-trial / juror-bias claim does not meet the AEDPA standard. Nor has his reconsideration motion presented any other issues "adequate to deserve further review."

19

## ORDER

Accordingly, the petitioner's motion for reconsideration [document # 81] is **DENIED**.

The petitioner's motion for a certificate of appealability [document #85] is **DENIED**.

This case remains TERMINATED and CLOSED.

This is a final order, but the court declines to issue a certificate of appealability.[4]

**IT IS SO ORDERED this 27th day of May 2009.**

                                                /s/ Paul L. Maloney
                                                Honorable Paul L. Maloney
                                                Chief United States District Judge

---

[4] This court's refusal to issue a COA is <u>not</u> appealable. *Torres v. Davis*, 2009 WL 613550, *4 n.5 (W.D. Mich. Mar. 9, 2009) (Maloney, C.J.) (citing, *inter alia*, *Sims v. US*, 244 F.3d 509, 509 (6th Cir. 2001) ("[W]e hold that an order denying a certificate of appealability is not appealable."), *followed by Crowley v. Renico*, 81 F. App'x 36, 37 (6th Cir. 2003) and *US v. Badru*, 2008 WL 1683113, *1 (D.C. Cir. July 27, 2004) (p.c.) (Rogers, Tatel, John Roberts)).