UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
 |
 |
ROBERT EDWARD TERRELL, JR., #249642,    |    Case No. 4:05-cv-108
 |
    Petitioner,    |    HONORABLE PAUL L. MALONEY
 |
    v.    |    Magistrate Judge Ellen S. Carmody
 |
MARY BERGHUIS,    |
 |
    Respondent.    |
 |
_____

**ORDER**

**Denying the Petitioner's Application for a Certificate of Appealability**

    This case arises out of Terrell's 1994 armed robbery of a video-rental store in Kalamazoo, Michigan, during which he fatally shot two employees. A jury convicted Terrell of two counts of first-degree murder, two counts of armed robbery, four counts of possession of a firearm during the commission of a felony, and one count of being a felon in possession of a firearm, all in violation of Michigan law, and he was sentenced to life imprisonment with no possibility of parole. This matter was referred to a Magistrate Judge, who issued an R&R in December 2008, and Terrell filed timely, specific objections in January 2009.

    In March 2009, this court overruled Terrell's objections, adopted the R&R, and dismissed the habeas petition, expressly declining to issue a COA. *See Terrell v. Berghuis*, 2009 WL 799082 (W.D. Mich. Mar. 23, 2009) (Maloney, C.J.). Terrell filed a motion for reconsideration, the court

directed the warden to respond, and the warden filed an opposition brief. In May 2009, this court denied Terrell's reconsideration motion, again expressly stating that Terrell is not entitled to a COA. *See Terrell v. Berghuis*, 2009 WL 1506709 (W.D. Mich. May 27, 2009) (Maloney, C.J.).

Despite the court's express determinations that Terrell was not entitled to a COA, on June 25, 2009 he filed a motion for a COA. But Terrell does nothing to show why reasonable jurists could disagree with any of this court's rulings and reasoning regarding the dismissal of his habeas petition and the denial of his reconsideration motion. Terrell merely complains that this court denied his reconsideration motion without waiting for him to file a reply brief, *see* Pet's COA Motion at 3 ¶ 10, and he objects to the court's citation of unpublished decisions (i.e., decisions that are available only online and not in the "Federal Reporter" or "Federal Supplement" books), *see id.* ¶ 11. Yet Terrell makes no effort to identify any substantive defect in the court's decisions which he allegedly would have raised in a reply brief or an evidentiary hearing. *See id.* ¶ 12 ("Given that the Court's decision to deny Petitioner's motion for reconsideration relied heavily on Respondent's response, Petitioner would have exercised his right to reply to the response under the Local Court Rule . . . ."). Instead, he simply reiterates his belief that he was entitled to an evidentiary hearing on his habeas petition, *see* Pet's Mot. for COA at 2 ¶ 8; re-asserts an argument regarding the Magistrate Judge's treatment of the state court's assessment of the credibility of juror Mosby and petitioner Terrell's affiants, *see id.* at 2-3 ¶ 8; and refers in passing to "the six palpable defects raised by Petitioner on his Motion for Reconsideration," *id.* at 4 ¶ 13, all of which were discussed in detail and soundly rejected by this court's May 27, 2009 opinion denying reconsideration.

Accordingly, Terrell still does not meet the standard for a COA, because other reasonable jurists would not disagree with the determinations that (1) his fair-trial / juror-bias claim does not

2

meet the AEDPA standard and (2) the court did not need to hold an evidentiary hearing or consider a reply brief to reach that conclusion with confidence, especially given Terrell's failure to identify any colorable argument or useful authority he supposedly would have raised in such a brief or hearing.  Nor did his habeas petition or reconsideration motion present any other issues "adequate to deserve further review."

**ORDER**

The petitioner's motion for a certificate of appealability [document # 97] is **DENIED**.

This case remains TERMINATED and CLOSED.[1]

**IT IS SO ORDERED this 29th day of June 2009.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[1] This court's refusal to issue a COA is not appealable.  *Torres v. Davis*, 2009 WL 613550, *4 n.5 (W.D. Mich. Mar. 9, 2009) (Maloney, C.J.) (citing, *inter alia*, *Sims v. US*, 244 F.3d 509, 509 (6th Cir. 2001) ("[W]e hold that an order denying a certificate of appealability is not appealable."), *followed by Crowley v. Renico*, 81 F. App'x 36, 37 (6th Cir. 2003) and *US v. Badru*, 2008 WL 1683113, *1 (D.C. Cir. July 27, 2004) (p.c.) (Rogers, Tatel, John Roberts)).